Michael Dore, Esq.
**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973 597 2500
mdore@lowenstein.com
Attorneys for Plaintiff - Purdue Pharma L.P.

DOCUMENT ELECTRONICALLY FILED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PURDUE PHARMA L.P.** | |
| **Plaintiff,** | **Civil Action No.:** _____ |
| v. | **COMPLAINT** |
| **KING PHARMACEUTICALS, INC. and ALPHARMA INC.,** | |
| **Defendants.** | |

Plaintiff Purdue Pharma L.P. ("Purdue"), by counsel, alleges as follows for its complaint for patent infringement against defendants King Pharmaceuticals, Inc. ("King") and Alpharma Inc. ("Alpharma") (together, "Defendants"):

### NATURE OF ACTION

1.     This is an action for patent infringement arising under Title 35 of the United States Code against Defendants due to their violation of Purdue's rights in U.S. Patent No. 7,658,939.

### PARTIES

2.     Purdue is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut.

3.     Upon information and belief, King is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at 501 Fifth Street, Bristol, Tennessee.  Upon information and belief, King's commercial operations are based at 400 Crossing Boulevard, Bridgewater, New Jersey.

4.     Upon information and belief, Alpharma is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 400 Crossing Boulevard, Bridgewater, New Jersey.

5.     Upon information and belief, Alpharma is a wholly-owned subsidiary of King, and has been since King acquired Alpharma through merger with another King subsidiary on December 29, 2008.

<strong>JURISDICTION AND VENUE</strong>

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact business within this district, including, without limitation, the offer for sale and sale within this district of the infringing EMBEDA product described herein. Additionally, Alpharma's principal place of business is within this district, King's commercial operations are based within this district, and this district is the center of Defendants' infringing activity.

8.     Upon information and belief, venue in this district is proper pursuant to 28 U.S.C §§ 1391(b) and (c) and 1400(b).

<strong>PATENT-IN-SUIT</strong>

9.     On November 4, 2003, a patent application entitled "Tamper-Resistant Oral Opioid Agonist Formulations" was filed with the United States Patent and Trademark Office,

2

which application resulted in the issuance of United States Patent No. 7,658,939 on February 9, 2010 (the "'939 Patent" or "Patent-in-Suit"). The '939 Patent is valid and subsisting.

10.    Purdue is the owner by assignment of all rights, title, and interest in and to the Patent-in-Suit and possesses all rights of recovery under the Patent-in-Suit, including the right to sue for infringement and recover damages.

## COUNT I
### (Infringement of U.S. Patent No. 7,658,939)

11.    Purdue hereby incorporates Paragraphs 1 through 10 by reference as if stated herein.

12.    Defendants, without Purdue's authorization and in violation of 35 U.S.C. § 271, are infringing the '939 Patent by manufacturing, using, offering to sell, and/or selling an opioid-based prescription drug advertised and sold under the name EMBEDA, which product is covered by one or more claims of the '939 Patent, including, without limitation, claims 1, 2, 4, 5, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, 23, and 24.

13.    EMBEDA is an oral dosage form comprising an opioid agonist and a sequestered opioid antagonist. EMBEDA is designed to prevent release of the opioid antagonist if EMBEDA is properly administered, but to release the opioid antagonist if EMBEDA is improperly administered.

14.    Upon information and belief, Defendants are aware of the subject matter of the '939 Patent and their infringement of the '939 Patent is willful.

15.    Defendants' conduct is causing Purdue to be deprived of rights and remunerations, thereby entitling Purdue to damages pursuant to 35 U.S.C. § 284.

16.    Purdue has no adequate remedy at law, and Defendants' conduct has caused and, if not permanently enjoined, will continue to cause irreparable damage to Purdue.

3

## RELIEF REQUESTED

WHEREFORE, Purdue prays:

A.      That this Court order, adjudge, and decree that Defendants have infringed one or more claims of the Patent-in-Suit in violation of 35 U.S.C. § 271.

B.      That Defendants be ordered to account for and pay over all proceeds and profits made by them from their wrongful infringing acts, and to account for and pay to Purdue, pursuant to 35 U.S.C. § 284, damages in a sum to be determined by this Court.

C.      That the damages awarded by the Court to Purdue be trebled in view of Defendants' willful and wanton violation of Purdue's patent rights.

D.      That this Court find this to be an exceptional case under 35 U.S.C. § 285 and order Defendants to pay Purdue's reasonable attorneys' fees and all other costs which may be incurred by Purdue.

E.      That this Court order Defendants to pay the costs of this action, pre-judgment interest, and post-judgment interest.

F.      That a permanent injunction, pursuant to 35 U.S.C. § 283, be issued out of this Court restraining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from directly or indirectly infringing, contributorily infringing, or inducing infringement of the '939 Patent.

G.      That this Court grant to Purdue such other and further relief as may be deemed just and equitable.

Dated: February 9, 2010                    Respectfully submitted,

                                           PURDUE PHARMA L.P.

                                           By Counsel

4

_____
Michael Dore
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068

Of counsel:

Brian C. Riopelle
David E. Finkelson
Jacob H. Rooksby
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061

*Attorneys for Plaintiff Purdue Pharma L.P.*

5